**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| **v.** | **Criminal No. 19-CR-171-J** |
| **DEVIN E. DUTSON,** | |
| Defendant. | |

---

## GOVERNMENT'S RESPONSE TO
## DEFENDANT DUTSON'S REQUESTS FOR DISCOVERY

Defendant Devin Dutson filed a number of requests for discovery prior to entry of this court's standard discovery order. Docs. 28-32. The United States of America, by and through Assistant United States Attorney Eric Heimann, believes the requests have been resolved by the discovery-and-scheduling order. *Discovery Order*, Doc. 52. To the extent, the Defendant's requests are deemed pending motions, the government opposes any request that requires disclosure earlier than required by the discovery order or by law, or requests discovery in addition to that otherwise required by law.

### RELEVANT BACKGROUND

On September 26, 2019, the grand jury returned an indictment charging Defendant Dutson and two codefendants with conspiracy, healthcare fraud, and spending fraud proceeds. *Indictment*, Doc. 1. Defendant Dutson was arrested and made his initial appearance on September 30 and was released on bond. Doc. 18.

On October 2, 2019, defense counsel Mr. Ed Wall filed an entry of appearance for Defendant Dutson. Doc. 26. That same day, Mr. Wall filed a request for notice of expert witnesses (Doc. 28), a request for *Giglio* materials (Doc. 29), a request for *Jencks* Act materials (Doc. 30), a

request for notice of 404(b) evidence (Doc. 31), and a request for disclosure of evidence to be used at trial (Doc. 32).

On October 3, 2019, Defendant Dutson was arraigned and pled not guilty. Doc. 50. The magistrate entered a discovery and scheduling order, which tracks this court's standard order with the exception that the government has 21 days (instead of 14) to provide defense counsel Rule 16 discovery. *Discovery Order*, Doc. 52.[1]

### ARGUMENT

Most of the Defendant's requests have been addressed in the discovery order, and therefore have been decided. The government does not object to that resolution and does not ask for any changes in the discovery order at this time.

To the extent any request asks for discovery in addition to that required by law or the discovery order, and to the extent any request asks for disclosure earlier than required by the discovery order, the government objects and the request should be denied.

**1.  Request for Notice of Expert Witnesses and Reports (Doc. 28)**

The Defendant requests that the United States give him notice of expert witnesses (and various expert materials) "immediately upon determining that it will rely upon such evidence" and no less than 14 days prior to trial. Doc. 28. The discovery order requires the government to disclose a written summary of expert testimony (including opinions, bases therefor, and qualifications) no later than 42 days before trial. *Discovery Order* at ¶ 4(A). The discovery order therefore grants the Defendant's request in part.

---

[1] The court issued separate discovery orders for the codefendants, but all three orders are the same in substance.

The government objects, however, to being required to provide notice of expert witnesses (or any expert materials) "immediately upon determining that it will rely upon such evidence." The Rule 16 discovery (which is to be provided within 21 days) and specific expert notice 42 days before trial is plenty of time for the Defendant to decide if he needs to retain an expert and how to challenge any experts proffered by the government. Earlier notice is not required and unnecessary.

### 2.   Request for Disclosure of *Giglio* Materials (Doc. 29)

The Defendant requests that the government be required to disclose and produce any and all information concerning the credibility of any witness immediately upon determining that it will rely upon such testimony and no less than 14 days before trial. Doc. 29. The discovery order requires the government to disclose *Giglio* impeachment material 21 days before trial or as soon as possible if discovered later. *Discovery Order* at ¶ 6. The discovery order provides the Defendant adequate notice of impeachment material known to the government, and accounts for impeachment material learned immediately before (or during) trial. Any earlier disclosure requirement should be denied.

### 3.   Request for *Jencks* Act Materials (Doc. 30)

The Defendant requests disclosure of witness statements (as defined by the *Jencks* Act, 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2) prior to trial. Doc. 30. The *Jencks* Act states that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. 3500(a); *see* Fed. R. Crim. P. 26.2. There are no exceptions to this prohibition on mandatory pre-testimony disclosure of witness statements.

In this district, for years, voluntary pretrial disclosure agreements and policies have allowed for witness statements to be disclosed such that jury trials have not been interrupted and defendants have been able to prepare their defenses. The government sees no reason why this case will be different. In particular, the discovery order provides for voluntary early disclosure of *Jencks* Act materials 5 days before trial if the Defendant provides certain recorded witness statements (if any) 7 days before trial. *Discovery Order* at ¶ 7. Therefore, the government objects to the Defendant's request for mandatory pre-trial disclosure because it is unnecessary and there is no legal basis for it.

### 4.   Request for 404(b) Evidence or Testimony (Doc. 31)

The Defendant requests that the government be required to provide notice of its intent to rely upon any F.R.E. 404(b) evidence "immediately upon determining that it will rely upon such evidence" and no less than 14 days before trial. Doc. 31. The discovery order requires any party intending to introduce evidence under F.R.E. 404(b) to provide notice 14 days before trial. The government objects to any earlier notice requirement because 14 days is sufficient for trial preparation.

### 5.   Request for Disclosure of Evidence to be Used at Trial (Doc. 32)

Finally, the Defendant demands notice of evidence the government intends to use at trial so that he can move to suppress evidence. Rule 12 of the Federal Rules of Criminal Procedure provides a "defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." Fed. R. Crim. P. 12(b)(4)(B). Here, the government will choose its case-in-chief evidence from the Rule 16 (and

other evidence) disclosed to the Defendant. This should be sufficient for the Defendant to decide whether he has a colorable motion to suppress any of that evidence.

The government objects to being required to provide any more precise statement of the evidence it intends to use at trial; in particular, the government objects to any request for early identification of trial exhibits, witnesses, or other evidence. Nothing in Rule 12 mandates disclosures beyond those required by Rule 16, and nothing requires the government to preview its case (or lock itself into, or out of, a particular set of exhibits or witnesses).

WHEREFORE, for the reasons stated above, the Defendant's discovery requests have been resolved by the discovery-and-scheduling order. *Discovery Order*, Doc. 52. To the extent the Defendant requests disclosure of evidence earlier than required by the discovery order or by law, or requests disclosures in addition to that otherwise required by law; the government opposes the request and it should be denied.

DATED this 15th day of October, 2019.

MARK A. KLAASSEN
United States Attorney


By:      _____*/s/ Eric J. Heimann*_____
ERIC J. HEIMANN
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of October, 2019, the foregoing was electronically filed and consequently served on defense counsel.

_____*/s/ Louisa G. Cruz*_____
For the United States Attorney's Office