IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MATTHEW TY BARRUS,<br>GREGORY J. BENNETT,<br>and DEVIN E. DUTSON,<br><br>　　　　　Defendants. | Case No. 19-CR-171-J |

## GOVERNMENT'S MOTION FOR
## EXTENSION OF TIME TO DISCLOSE RULE 16 DISCOVERY

　　　The United States of America, by and through Assistant United States Attorney Eric J. Heimann, respectfully moves the Court for an order extending the Rule 16 discovery deadline in this matter. As grounds for this Motion, the United States asserts:

　　　1.　　The government has charged the Defendants with eleven healthcare-fraud and money-laundering crimes resulting in the theft of approximately $8.6 million from Wyoming Medicaid over approximately 6½ years. The alleged scheme involved billing for noncovered services provided to clients of a residential substance-abuse treatment center operated by Northwest Wyoming Treatment Center Inc. in Powell.

　　　2.　　The government filed a *Motion to Declare Case Complex* and requested a hearing to determine excludable delay under the Speedy Trial Act. Doc. 34.  The hearing has been set for November 4, 2019. Doc. 60. The government expects a trial date will be set at the hearing.

　　　3.　　Initial Rule 16 discovery contains over 110,000 documents. The government estimated it could produce the discovery 21 days after arraignment. Accordingly, at the government's request, the Court set the discovery deadline for no later than 21 days following

entry of discovery orders for each defendant. Docs. 40, 49, 52. The initial Rule 16 discovery deadline is October 23 for Defendant Bennett and October 24 for Defendants Barrus and Dutson.

4.     The government considers scanned copies of approximately 40 banker's boxes of documents to be substance-abuse treatment records or records that could otherwise identify individuals who received substance-abuse treatment. The Court granted the government's motion to produce these records under a protection order without redactions. Doc. 59. We are watermarking these documents for each defendant to identify them as confidential.

5.     The government has been diligently processing the discovery materials, but we cannot produce initial Rule 16 discovery within the current deadlines because of unexpectedly long computer processing times. Specifically, each defendant's discovery requires up to six days of computer time to process for production. We are running multiple computers, but the processing time will still take us beyond the current deadlines. The government believes that it will need an additional ten days to complete the discovery, which would be November 1, 2019.

6.     The undersigned attorney for the government has consulted with defense counsel regarding this motion. Ms. Woolsey for Defendant Bennett and Mr. Wall for Defendant Dutson do not object. Mr. Harris for Defendant Barrus has not responded.

WHEREFORE, the United States respectfully requests the Court to enter an order allowing the United States an additional ten days to November 1, 2019, to produce initial Rule 16 discovery.

**DATED** this 23rd day of October, 2019.

Respectfully submitted,

MARK A. KLAASSEN
United States Attorney

By:   */s/ Eric J. Heimann*
ERIC J. HEIMANN
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

This is to certify that on the 22nd day of October, 2019, the above document was filed using the Court's CM/ECF system and consequently served upon all defense counsel.

*/s/ Louisa G. Cruz*
UNITED STATES ATTORNEY'S OFFICE