ERIC J. HEIMANN
Wyoming State Bar No. 6-4504
Assistant United States Attorney
District of Wyoming
P.O. Box 668, Cheyenne, WY 82001
(307) 772-2124
eric.heimann@usdoj.gov

TRAVIS J. KIRCHHEFER
Wyoming State Bar No. 6-4279
Special Assistant United States Attorney
Medicaid Fraud Control Unit
Wyoming Attorney General's Office
2424 Pioneer Avenue, Cheyenne, WY 82002
(307) 7776858
travis.kirchhefer@wyo.gov

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. 19-CR-171-J |
| **MATTHEW TY BARRUS,**<br>**GREGORY J. BENNETT,**<br>**and DEVIN E. DUTSON,** | |
| Defendants. | |

## GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO CONTINUE

Defendant Greg Bennett seeks to vacate his jury trial, which is currently scheduled to begin on June 1, 2020, and continue it until the COVID-19 pandemic does not threaten individuals involved in the trial process. *Mot. to Continue*, Doc. 77. Defendant Barrus joins the motion. The United States of America, by and through Assistant United States Attorney Eric Heimann and Special Assistant United States Attorney Travis Kirchhefer, reluctantly agrees that the trial must

be continued, but not indefinitely. Therefore, the government requests that the court immediately vacate the June 1 trial and hold a hearing to determine excludable delay and schedule an appropriate trial date.

### RELEVANT BACKGROUND

On September 26, 2019, the grand jury returned an indictment charging defendants Matthew Ty Barrus, Greg Bennett, and Devin Dutson with healthcare fraud conspiracy in violation of §§ 1349 and 1347, healthcare fraud in violation of 18 U.S.C. § 1347, and spending fraud proceeds in violation of 18 U.S.C. § 1957. (Doc. 1.) The indictment describes a long-running scheme to defraud Wyoming Medicaid in which the defendants submitted phony bills for services allegedly provided to Medicaid beneficiaries in a substance abuse treatment program operated by the defendants' employer Northwest Wyoming Treatment Center. The treatment program was operated by NWTC at a residence located at 1106 Julie Lane in Powell. As part of the investigation, a government agent thoroughly searched the 1106 Julie Lane facility in March 2019 and seized approximately 40 boxes of records found there. The government did not seize any electronically-stored information or image any computers because we did not believe it was necessary to our investigation.

The defendants were arrested, made their initial appearances, were released on bond, and were arraigned between September 30 and October 3, 2019. The government's attorney then conferred with defense counsel regarding discovery, including the search of 1106 Julie Lane and pictures taken at the time of that search. On October 10, the government informed defense counsel via email that the Julie Lane facility still contained records, computers, and other items that the government had not seized, and did not intend to seize, as evidence. The government's attorney

offered to arrange for defense counsel and their investigators to visit the facility if they believed it contained evidence relevant to their clients' defense. The government sent defense counsel Rule 16 discovery, including an index, on October 31. The government's attorney then reviewed the index with each defense attorney. The Rule 16 discovery included a report describing the agent's search of 1106 Julie Lane and pictures the agent took at the time of the search.

On November 13, 2019, this court found that the volume of evidence and the complexity of issues presented justified an ends-of-justice continuance under the Speedy Trial Act. *Order Declaring Case Complex*, Doc. 64. This order effectively granted a motion the government had filed on October 2. (Doc. 34.) The court set the jury trial to begin June 1, 2020, and excluded the resulting delay. *Order Declaring Case Complex* at 3.

On December 10, 2019, the government's attorney informed defense counsel via email that the government would be seizing the 1106 Julie Lane facility but items there at the time of seizure would not be cleared out so defense counsel could still visit the facility and seize any evidence the defendants believed was relevant to their defense. The U.S. Marshals Service then seized 1106 Julie Lane on December 19. The government and defense counsel spent the next few weeks arranging a site visit.

As described in the motion to continue, defendants Bennett and Barrus and their representatives visited 1106 Julie Lane on January 23, 2020, and removed paper records and computers. *Mot. to Continue* at ¶ 4. These materials were recently scanned for review by defense counsel. The government understands that this information will be shared amongst the defendants. Defendant Dutson's investigator was scheduled to visit Julie Lane on March 27, but cancelled on March 18 because of health concerns and possible travel bans.

### *DISCUSSION*

The government reluctantly agrees that the June 1 trial should be vacated and continued a number of months because of the COVID-19 pandemic. Defendant Bennett's motion describes the social-distancing measures recommended by federal officials through at least April 30 and the closures ordered by Wyoming's governor to be in effect at least until April 17. Given the speed with which the disease is spreading—and people are dying—the government will not attempt to update the situation.

The government agrees that the current social-distancing measures make it unreasonably difficult and dangerous for defense counsel to meet with their clients in person to review documents and otherwise prepare for trial. *See Mot. to Continue* at ¶ 5. The government further agrees that defense investigators should not be contacting potential witnesses in person. *Id.* In-person meetings and interviews are important when preparing for any trial, but they are especially important here because documents must be shared and discussed to understand what happened and how it happened. The government also needs to contact witnesses in person to serve subpoenas and prepare trial testimony, but we cannot do so safely until May 1 at the earliest. And given the course of this pandemic, it is reasonable to believe that social distancing measures will continue through May—if not the entire summer. The government also does not dispute defense counsels' claim that they need additional time to review discovery provided by the government and understand the issues presented in this case. *Mot. to Continue* at ¶ 9.

Although the jury trial should be continued, the government objects to the open-ended delay requested by the defendants. *See Mot. to Continue* at 6 (requesting continuance until "COVID-19 does not pose a significant threat to persons participating in the in trial process").

4

Rather, the government respectfully requests that the June 1 trial be vacated immediately so that the parties may stop required trial preparations (including the service of subpoenas and contact with potential witnesses).

The government further requests that a hearing be scheduled to determine excludable delay and schedule an appropriate trial date. The government suggests that this hearing be scheduled for early May so that the court and the parties have more information about the pandemic and how long it will affect trial preparation and trial itself. Finally, the government believes the proposed order proffered by defendant Bennett does not meet the requirements of the Speedy Trial Act. Therefore, the government requests that required ends-of-justice findings be made at the hearing or in an order following that hearing.

Respectfully submitted this 2nd day of April, 2020.

                                      MARK A. KLAASSEN
                                    United States Attorney

By:    */s/ Eric Heimann*
        ERIC J. HEIMANN
        Assistant United States Attorney

### CERTIFICATE OF SERVICE

This is to certify that on this 2nd day of April, 2020, I served true and correct copies of the foregoing response upon all counsel via CM/ECF.

                                      */s/ Louisa G. Cruz*
                                    UNITED STATES ATTORNEY'S OFFICE