

FILED

10:08 am, 4/28/20

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Case No.  19-CR-00171 |
| MATTHEW TY BARRUS, GREGORY J. BENNETT, DEVIN E. DUTSON, | |
| Defendants. | |

**ORDER GRANTING MOTION TO CONTINUE TRIAL**

This matter comes before the Court on Defendant Gregory J. Bennett's Motion to Continue Trial. ECF No. 77. The jury trial is scheduled for June 1, 2020. The Court held a hearing on the motion on April 24, 2020. All parties agree a continuance is appropriate in this case.

The Speedy Trial Act generally requires trial to begin within 70 days of the filing of the indictment or the defendant's initial appearance in the court in which the charge is pending, whichever is later. 18 U.S.C. § 3161(c)(1). However, certain periods of time enumerated in 18 U.S.C. § 3161(h) are excluded from the 70-day time period. *See* § 3161(h).

18 U.S.C. § 3161(h)(7)(A) directs the court that it may grant a continuance if the court finds the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial. Section 3161(h)(7)(A) excludes "[a]ny period of delay resulting from a continuance granted by any judge . . . on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

18 U.S.C. § 3161(h)(7)(B) lists factors that the court can consider to ascertain if the ends of justice are best served by a continuance:

> **(i)** Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> **(ii)** Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . .
>
> **(iv)** Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

The Court finds an ends of justice continuance is necessary in response to the recent outbreak of Coronavirus Disease 2019 (COVID-19) across the United States, which has resulted in significant community impacts such as school and business closures. The President of the United States declared a national emergency on March 13, 2020. The World Public Health Organization declared COVID-19 to be a global pandemic. As of the date of this Order, there are 389 confirmed cases, 131 probable cases, and 7 COVID-19 related deaths in Wyoming.[1] Among other things, the Centers for Disease Control and Prevention (CDC) recommends people distance themselves from others.[2] Given the severity of risk posed to the public, the Court finds continuing trial is in the interest of justice to avoid subjecting potential jurors, the parties, and Court personnel to the virus. The ends of justice are served because the continuance outweighs

---

[1] *Coronavirus Disease 2019 (COVID-19)* https://health.wyo.gov/publichealth/infectious-disease-epidemiology-unit/disease/novel-coronavirus/ (last visited April 28, 2020).
[2] *Coronavirus Disease 2019 (COVID-19): How to Protect Yourself & Others*, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html (lasted visited April 28, 2020).

the best interests of the public and Defendants' right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A).

There are additional reasons to grant a continuance. This case is complex. Its complexity grew with the discovery of numerous bankers' boxes, which defense counsel feels merits analysis. It is likely something in the documents will be exculpatory for Defendants. At the same time, the discovery the Government has provided to Defendants is very substantial and will require substantial time to review. Additionally, defense counsel has a need to contact witnesses, which is complicated by the COVID-19 pandemic. Counsel, investigators, the Court, and potential jurors are subjected to limitations by the virus. Defendants' counsel state delay will not prejudice their clients because none of Defendants are in pretrial confinement. While this is one consideration of prejudice, Defendants still have to deal with the emotional damage of having a prosecution hanging over them for a lengthy period of time, which is not insignificant and impacts business and family life for Defendants. Finally, another issue necessitating continuance is lead counsel for the Government is also lead counsel in a security fraud case before this Court with a February 21, 2021 trial date, which is anticipated to last three weeks.

In addition to continuing the trial date, parties request and agree to continuances regarding expert witnesses. The Government shall submit their expert designations nine weeks before trial. Defendants shall submit their expert designations six weeks before trial. Parties shall file any motions to strike experts (*Daubert* challenges) 28 days before trial.

## Conclusion

It is **HEREBY ORDERED** Defendant Gregory J. Bennett's Motion to Continue Trial (ECF No. 77) is **GRANTED**. The Court **FINDS** the ends of justice pursuant to 18 U.S.C. § 3161(h)(7)

are served by allowing a continuance. The trial date of June 1, 2020 is **HEREBY RESET** to Monday, June 7, 2021, at 9:00 a.m.

It is **FURTHER ORDERED** the Government shall submit their expert designations nine weeks before trial. Defendants shall submit their expert designations six weeks before trial. Parties shall file any motions to strike experts (Daubert challenges) 28 days before trial.

The Court **FINDS** the time between March 31, 2020 and June 7, 2021, is properly excluded under the Speedy Trial Act.

Dated this  28th  day of April, 2020.

_____
Alan B. Johnson
United States District Judge