# *Attachment 5*



Mark Gaskill <mark.gaskill@wyo.gov>

## Referral - Northwest Wyoming Treatment Center
3 messages

**Mark Gaskill** <mark.gaskill@wyo.gov>   Fri, Dec 4, 2015 at 1:21 PM
To: Melissa Theriault <melissa.theriault@wyo.gov>
Cc: tisha kilpatrick <tisha.kilpatrick@wyo.gov>

Melissa,

Please see the attached documents. I welcome any question or concerns you may have. PI looks forward to advancing this case after your review and consideration.

Respectfully,

Mark J. Gaskill
Manager of Quality Assurance and Program Integrity
Wyoming Department of Health
Division of Healthcare Financing
6101 Yellowstone Road, Ste 210
Cheyenne, WY 82002
307-777-2054
Mark.Gaskill@wyo.gov

**3 attachments**

- **Allegation of Fraud Referral Form.docx** 38K
- **Investigation Plan.docx** 37K
- **Case Précis - Northwest Wyoming.docx** 72K

**Melissa Theriault** <melissa.theriault@wyo.gov>   Fri, Dec 4, 2015 at 1:22 PM
To: Mark Gaskill <mark.gaskill@wyo.gov>

Thanks, Mark. Also, Brett, Sharon and Nicole are approved to fly to Powell on the 16th if Medicaid is paying for their seats.

Sincerely,

*Melissa R. Theriault, Director*
Medicaid Fraud Control Unit
Senior Assistant Attorney General
Wyoming Attorney General's Office
307.777.8084

```
E-Mail to and from me, in connection with the transaction
of public business, is subject to the Wyoming Public Records
Act and may be disclosed to third parties.
```

Produced to Terry Harris
Subject to Protective Orders
USDC-WY-19-CR-171-J

Barrus-132467

[Quoted text hidden]

> [Quoted text hidden]
> E-Mail to and from me, in connection with the transaction
> of public business, is subject to the Wyoming Public Records
> Act and may be disclosed to third parties.

E-Mail to and from me, in connection with the transaction
of public business, is subject to the Wyoming Public Records
Act and may be disclosed to third parties.

---

**Mark Gaskill** <mark.gaskill@wyo.gov>　　　　　　　　　　　　　　　　Fri, Dec 4, 2015 at 1:24 PM
To: Melissa Theriault <melissa.theriault@wyo.gov>

Great. And yes.

Mark J. Gaskill
Manager of Quality Assurance and Program Integrity
Wyoming Department of Health
Division of Healthcare Financing
6101 Yellowstone Road, Ste 210
Cheyenne, WY 82002
307-777-2054
Mark.Gaskill@wyo.gov

[Quoted text hidden]

Barrus-132468

# Allegation of Fraud Referral

**Provider Information:**

| | | |
|---|---|---|
| Name: Northwest Wyoming Treatment Center | ID #: ▆▆▆41 01 | NPI: |
| Type: Residential Treatme3nt Center | Specialty: Adolescent Substance Abuse Treatment | |

| | | |
|---|---|---|
| Address: 1106 Julie Lane | | |
| City: Powell | State: WY | Zip Code: 82435-1632 |

| | |
|---|---|
| Date of Referral: 12/4/2015 | Referral Source: Medicaid Program Integrity Preliminary Investigation |

**The basis of referral (check all that apply):**

- ☐ up code/overcharge Medicaid program for services rendered
- ☐ billing for medically unnecessary services
- ☐ billing for brand-name drugs when generic drugs are prescribed
- ☐ billing for services not rendered or performed
- ☐ billing for unlicensed or unapproved drugs
- ☐ billing for short-filling prescriptions, but charging as if the full amount of the medication was dispensed
- ☐ unbundling - using multiple billing codes instead of a single billing code in order to increase reimbursement amount
- ☐ billing for services using stolen, deceased, or otherwise inappropriate provider and/or beneficiary id number
- ☐ billing for unlicensed or excluded providers
- ☒ other: Billing for not covered services under clinic procedures; fabrication of records; other contextual errors leading to incorrect/fraudulent billing.

**Describe the allegations, circumstances, and factors:**

Medicaid Program Integrity (PI) has reason to believe that Northwest Wyoming Treatment Center may have submitted fraudulent claims for substance abuse services rendered between January 2013 and September 2015. Specifically, PI has reason to believe claims for non-covered services were submitted under clinical procedure codes. Also, PI's preliminary review of records has produced mixed examples of photocopied notes, signatures, and other contextual errors that may have led to incorrect and/or fraudulent billing.

| | |
|---|---|
| Referral made by: Medicaid Program Integrity | Date: 12/4/2015 |

**PI Recommendation:**

| | |
|---|---|
| Coordinate detailed investigation with MFCU. See attached Case Summary, and Preliminary Investigation plan for additional details. | |
| Recommendation made by: Mark Gaskill, Manager of Quality Assurance and Program Integrity | Date: 12/4/2015 |

**PI Determination:**

| | | |
|---|---|---|
| Credible (possible suspension) ☒ | Request MFCU Consultation ☐ | |
| Not Credible (no suspension) ☐ | (If MFCU advises the allegation is credible, KDHE/DHCF must refer allegation to MFCU within one business day) | |

Rationale for determination:
Preliminary review of existing records appears to lend credibility to the concerns described.

| | |
|---|---|
| Designee making determination: Mark Gaskill, Manager of Quality Assurance and Program Integrity | Date: 12/4/2015 |
| Designee making determination: | Date: |

**Consultation with MFCU – include dates (attach documentation as needed):**

PI Form                                   Page **1 of 4**                                   October 2014

Barrus-132469

*[Watermarks: "Produced to Terry Harris", "Subject to Protective Orders", "USDC-WY-19-CR-171-J"]*

# Allegation of Fraud Referral

| | | |
|---|---|---|
| Consultation with MFCU by: | Date: | |
| **Good cause not to suspend payments?** | | |
| Law enforcement officials/MFCU requested an exemption (suspension may jeopardize an investigation) | Y ☐ | N ☐ |
| Other available remedies more effectively or quickly protect Medicaid funds (e.g. prepayment review, injunction, termination) | Y ☐ | N ☐ |
| The State determines, based upon the submission of written evidence by the provider, that the suspension should be removed (complete Addendum section below) | Y ☐ | N ☐ |
| Recipient access to items or services would be jeopardized by a suspension because of:<br>a. The provider is the sole community physician or the sole source of essential specialized services in a community<br>b. The provider serves a large number of recipients | Y ☐<br><br>Y ☐ | N ☐<br><br>N ☐ |
| Law enforcement/MFCU declines to certify that a matter continues to be under investigation (complete Addendum section below) | Y ☐ | N ☐ |
| The State determines that payment suspension is not in the best interests of the Medicaid program | Y ☐ | N ☐ |

**Rationale for good cause exemption (attach documentation as needed):**

| | |
|---|---|
| Exemption made by: | Date: |

**Addendum – documentation of good cause exemption due to written evidence by provider or MFCU declines to certify the matter continues to be under investigation:**

| | |
|---|---|
| Will evaluate any documentation that is received by the provider if reconsideration is requested. | |
| Individual recording MFCU declining continued investigation: | Date: |

**Good cause to suspend payment only in part?**

| | | |
|---|---|---|
| Recipient access to items or services would be jeopardized by a suspension because of:<br>a. The provider is the sole community physician or the sole source of essential specialized services in a community<br>b. The provider serves a large number of recipients | Y ☐<br><br>Y ☐ | N ☐<br><br>N ☐ |
| The State determines, based upon the submission of written evidence by the provider, that the suspension should be imposed only in part (complete Addendum section below) | Y ☐ | N ☐ |
| The credible allegation focuses solely and definitively on only a specific type of claim or arises from only a specific business unit of a provider and the State determines and documents in writing that a payment suspension in part would effectively ensure the potentially fraudulent claims were not continuing to be paid – | Y ☐ | N ☐ |
| Law enforcement/MFCU declines to certify that a matter continues to be under investigation (complete Addendum section below) | Y ☐ | N ☐ |

PI Form          Page **2** of **4**          October 2014

Produced to Terry Harris
Subject to Protective Orders
USDC-WY, 19-CR-171-J
Barrus-132470

# Allegation of Fraud Referral

| | |
|---|---|
| The State determines that payment suspension only in part is in the best interests of the Medicaid program | Y ☐   N ☐ |

**Rationale for good cause exemption (attach documentation as needed):**

| |
|---|
| |

| Exemption made by: | Date: |
|---|---|

**Addendum – documentation of good cause exemption converting a full suspension to a partial suspension due to written evidence by provider or MFCU declines to certify the matter continues to be under investigation:**

| |
|---|
| |

| Individual recording MFCU declining continued investigation: | Date: |
|---|---|

**Provider Notification:**

| | |
|---|---|
| Was there a request by law enforcement in writing to delay sending such notice, which may be renewed in writing up to twice and in no event may exceed 90 days? (If there is no request by law enforcement, notification must be made to the provider within 5 days) | Y ☐   N ☐ |

| Effective date of Suspension: | Date of Provider Notification: |
|---|---|
| Effective for dates of service: | |

**Termination of Suspension (attach documentation):**

| | | | |
|---|---|---|---|
| MFCU declines fraud allegation referral | Y ☐ | N ☐ | Date: |
| Authorities discern there is insufficient evidence of fraud upon which to base a legal action | Y ☐ | N ☐ | Date: |
| Legal proceedings related to the alleged fraud are completed | Y ☐ | N ☐ | Date: |
| Fair Hearing or Court determination that suspension should be terminated | Y ☐ | N ☐ | Date: |
| Effective date of Suspension Termination: | Date of Provider Notification: | | |

**Calculate the costs avoided due to the payment suspension:**

| |
|---|
| |

| Avoided costs calculated by: | Date: |
|---|---|

**Additional comments:**

Produced to Terry Harris
Subject to Protective Orders
USDC_WY-19-CR-171-J

## Allegation of Fraud Referral

Produced to Terry Harris
Subject to Protective Orders
USDC-WY-19-CR-171-J