ERIC J. HEIMANN
Wyoming State Bar No. 6-4504
Assistant United States Attorney
District of Wyoming
P.O. Box 668, Cheyenne, WY 82001
(307) 772-2124
eric.heimann@usdoj.gov

TRAVIS J. KIRCHHEFER
Wyoming State Bar No. 6-4279
Special Assistant United States Attorney
Medicaid Fraud Control Unit
Wyoming Attorney General's Office
2424 Pioneer Avenue, Cheyenne, WY 82002
(307) 777-6858
travis.kirchhefer@wyo.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| **v.** | **Case No. 19-CR-171-J** |
| **MATTHEW TY BARRUS,** **GREGORY J. BENNETT, and** **DEVIN E. DUTSON,** | |
| Defendants. | |

## GOVERNMENT'S RULE 404(b) NOTICE

The United States of America, by and through Assistant United States Attorney Eric Heimann and Special Assistant United States Attorney Travis Kirchhefer, hereby gives notice of evidence that may be governed by Rule 404(b) of the Federal Rules of Evidence. By providing this notice, the government does not concede that this evidence is subject to Rule 404(b). Rather, the government reserves the right to seek introduction of any and all evidence through other

appropriate evidentiary rules or law. The government also reserves the right to supplement this notice with additional evidence or argument.

### THE CHARGED CRIMES

Defendants are charged with healthcare fraud conspiracy, healthcare fraud, and money laundering by spending fraud proceeds. *Indictment*, Doc. 1. As alleged in the indictment, the defendants caused NWTC to submit to Wyoming Medicaid $8.5 million in claims for alleged substance abuse and mental health treatment provided through the residential substance abuse treatment program. Defendants Barrus and Bennett then conducted monetary transactions involving more than $10,000 in proceeds of the charged fraud. *Id.* (counts 3, 4 and 6); *see also* Doc. 175 (dismissal of money-laundering counts 5 and 7-11.)

The indictment describes a scheme to defraud Medicaid by billing all day, every day using several false statements and fraudulent practices. First, the defendants caused claims to be submitted to Medicaid under procedure codes H0005, H0047, H2015, and H2015-HK when the beneficiaries had not participated in any therapeutically necessary substance abuse treatment as defined by Medicaid and the claimed procedure code.[1] *Id.* at ¶¶ 10-11. Second, the defendants caused claims to be submitted to Medicaid for activities that were not covered by Medicaid. *Id.* at ¶¶ 10–12. Third, defendants Barrus and Bennett instructed NWTC employees to complete progress notes and supervision sheets, and apply procedure codes, for all time spent with clients, including when the clients did not participate in substance abuse treatment as defined by Medicaid and the assigned procedure code and when the clients were engaged in activities not covered by Medicaid.

---

[1] The government expects its trial evidence will show that procedure code H2015-HK was used to document activities, but NWTC did not submit claims to Medicaid using the HK modifier.

*Id.* at ¶ 12. Fourth, the defendants caused claims to be submitted to Medicaid that falsely identified the treating provider, thus allowing NWTC to bill for mental health services they were not authorized to provide, and bill for services provided by unlicensed employees. *Id.* at ¶¶ 13–14. Finally, the defendants upcoded claims for mental health treatment from a lesser-paying procedure code that defined the service to the higher-paying H2021 code that did not. *Id.* at ¶¶ 10–11.

### RULE 404(*b*) LEGAL STANDARDS

Rule 404 of the Federal Rules of Evidence governs character evidence, including crimes and other bad acts. Specifically, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* at 404(b)(2); *United States v. Tan*, 254 F.3d 1204, 1208 (10th Cir. 2001) ("list of proper purposes is illustrative, not exhaustive"). Although often viewed as a strong prohibition on evidence of uncharged misconduct, "Rule 404(b) is considered to be an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove *only* criminal disposition." *Id.* (internal quotation omitted) (emphasis in original).

"Evidence is properly admitted under Rule 404(b) if four requirements are met: (1) the evidence [is] offered for a proper purpose under Fed. R. Evid. 404(b); (2) the evidence [is] relevant under Fed. R. Evid. 401; (3) the probative value of the evidence [is] not substantially outweighed by its potential for unfair prejudice under Fed. R. Evid. 403; and (4) the district court, upon request, instruct[s] the jury pursuant to Fed. R. Evid. 105 to consider the evidence only for the purpose for which it was admitted." *United States v. Becker*, 230 F.3d 1224, 1232 (10th Cir. 2000) (citing

*Huddleston v. United States*, 485 U.S. 681, 691–692 (1988)). Although each requirement must be met, "[t]he standard for satisfying Rule 404(b) admissibility is permissive...." *United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir. 2009).

"Rule 404(b) limits the admissibility of evidence related to other crimes or wrongs, but it only applies to evidence of acts extrinsic to the charged crime." *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011) (internal quotation omitted); *see also, e.g., United States v. O'Brien*, 131 F.3d 1428, 1432 (10th Cir. 1997); *United States v. Lambert*, 995 F.2d 1006, 1007–08 (10th Cir. 1993). Therefore, subject to Rule 403 undue-prejudice analysis, evidence of other bad acts intrinsic to the crime charged is not subject to Rule 404(b). *Irving*, 665 F.3d at 1212 (citing *Lambert*, 995 F.2d at 1007–08). "Other act evidence is intrinsic when [1] the evidence of the other act and the evidence of the crime charged are inextricably intertwined or [2] both acts are part of a single criminal episode or [3] the other acts were necessary preliminaries to the crime charged." *Lambert*, 995 F.2d at 1007 (quotation omitted).  Put another way, evidence is intrinsic "if it [is] inextricably intertwined with the charged crime such that a witness's testimony would [be] confusing and incomplete without mention of the prior act."  *United States v. Ford*, 613 F.3d 1263, 1267 (10th Cir. 2010) (internal quotation omitted).

"[I]f other act evidence is relevant and tends to prove a material fact other than the defendant's criminal disposition, it is offered for a proper purpose under Rule 404(b) and may be excluded only under Rule 403." *Tan*, 254 F.3d at 1208. Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Exclusion of

probative evidence under Rule 403 is an "extraordinary remedy and should be used sparingly." *Tan*, 254 F.3d at 1211; *see also Irving*, 665 F.3d at 1213 (applying 403 standard to intrinsic other acts evidence). "The core of unfair prejudice is evidence that invites decision on an improper basis," such as "evidence that impugns the defendant's character or provokes an emotional response in the jury." *United States v. Brooks*, 736 F.3d 921, 941 (10th Cir. 2013) (internal quotations and citations omitted).

### ADMISSIBILITY OF POTENTIAL RULE 404(b) EVIDENCE

When requested by defense counsel, the Government must "provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial . . ." Fed. R. Evid. 404(b)(2)(A).

Here, the government expects to offer evidence that the defendants used procedure codes that are limited to individual treatment to bill for group treatment and thereby get more money from Medicaid. Procedure code H0047 defines individual substance abuse treatment, but the defendants routinely used H0047 to bill for group recreational activities. H0047 is the highest paying substance abuse treatment code. Therefore, even if the billed-for activities were covered by Medicaid under a group code, the use of H0047 caused Medicaid to pay more for these services than they should have.

Similarly, procedure code H2015 defines individual treatment unless it is billed using an HQ modifier. The HQ modifier reduces the billable rate by half but allows a provider to bill for more than one beneficiary (the group) at one time. This creates an incentive to provide group therapy to 3 or more beneficiaries instead of only 1 individual at a time. It also creates an opportunity for fraud by falsely billing H2015 without the HQ modifier for groups. The

5

government's evidence will show that the defendants routinely billed group activities under procedure code H2015 without the HQ modifier, and thereby doubled the amount Medicaid paid them for that time. Also, H2015-HQ group therapy can only be provided by a certified peer specialist. Neither the defendants nor any other NWTC employee was a certified peer specialist, so NWTC could not have provided H2015-HQ group therapy even if they billed it using the correct procedure code and modifier.

Evidence showing the defendants' use of individual codes for group activities should be allowed in the first instance because it is charged in the indictment and intrinsic to the charged fraud and conspiracy. The indictment charges the defendants with submitting claims to Wyoming Medicaid under procedure codes H0047 and H2015 (unmodified) when the Wyoming Medicaid beneficiaries had not participated in any substance abuse treatment as defined by Medicaid and the claimed procedure code. Since H0047 and H2015 represent individual treatment by definition, evidence that these codes were used by the defendants to bill group activities is part of the charged conspiracy and fraud. Rule 404(b) does not apply.

Even if treated as other-acts evidence under Rule 404(b), the government's evidence of the defendants' individual code usage to bill for group activities should be allowed because it is relevant to prove the proper purpose of intent because it involves false statements to Medicaid. And it would not cause unfair prejudice because it does not invite decision on an improper basis and it is not so shocking as to cause an emotional reaction in the jury.

The government also expects to offer evidence of span billing; that is, NWTC's Medicaid claims were submitted for an entire month rather than for individual days and times. This could be considered other-acts evidence because it was prohibited for at least one procedure code (H2021)

during part of the charged fraud (after February 2013). The government will use the span-billing evidence to explain why we cannot precisely link a particular progress note to a particular Medicaid claim. Medicaid witnesses may testify that span billing is a red flag because it allows false claims to be hidden amongst good claims and because it makes investigations harder. The span-billing evidence should be admitted because it is intrinsic to the charged fraud in that all of NWTC's claims to Medicaid were span billed, and that span billing in fact makes it harder to link particular activities (as recorded in progress notes and supervision sheets) with particular claims.

Finally, the government expects to offer evidence that NWTC employee Cory Carpenter was required to submit treatment hours each month even though he sometimes had not written his progress notes yet. Medicaid rules prohibit the submission of undocumented claims; therefore, this is evidence of an uncharged Medicaid rules violation. It is also evidence of the defendants' desire to get money from Medicaid without delay and willingness to break Medicaid rules to do so, all of which would be relevant to the proper purpose of proving intent and motive.

WHEREFORE, the above-described other-acts evidence should be admissible against the defendants, and the government respectfully requests that this court receive such evidence if it is offered at trial.

//

//

Respectfully submitted this 7th day of February 2022.

                              L. ROBERT MURRAY
                              United States Attorney


                    By:    _/s/ Eric Heimann_____
                              ERIC J. HEIMANN
                              Assistant United States Attorney


                    By:    _/s/ Travis Kirchhefer_____
                              TRAVIS J. KIRCHHEFER
                              Special Assistant United States Attorney


                  **CERTIFICATE OF SERVICE**

    This is to certify that on this 7th day of February 2022, I served true and correct copies of

the foregoing response upon all counsel via CM/ECF.


                       _/s/  Corine M. Aranda_____
                       UNITED STATES ATTORNEY'S OFFICE


8