Terry J. Harris, WyBar # 5-2068
HARRIS, HARRIS & QUINN, P.C.
P.O. Box 368
2618 Warren Avenue
Cheyenne, Wyoming 82003-0368
Phone: (307) 638-6431
Email: tjharrispc@gmail.com

Jamie M. Woolsey, WyBar # 6-3985
Sandefer & Woolsey, Trial Lawyers LLC
143 North Park Street
Casper, WY 82601
Phone: (307) 232-1977; Fax: (307) 333-6508
Email: jamie@swtriallawyers.com

Edwin S. Wall, WyBar #5-2728
Wall Law Office
43 East 400 South
Salt Lake City, Utah 84111
Phone: (801) 746-0900
Email: edwin@edwinwall.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | Criminal No. 19-CR-171-ABJ |
| | ) | |
| **MATTHEW "TY" BARRUS,** | ) | |
| **GREGORY J. BENNETT and** | ) | |
| **DEVIN E. DUTSON,** | ) | |
| | ) | |
| *Defendants*. | ) | |

**JOINT MOTION FOR ORDER IN LIMINE TO EXCLUDE**
**PURPORTED SUMMARIES OF NWTC BILLINGS**

COME NOW the Defendants, Matthew "Ty" Barrus, Gregory J. Bennett, and Devin E. Dutson, by and through their respective attorneys, and hereby respectfully move *in limine* to preclude the United States from offering into evidence purported summaries of NWTC billings at trial.

## BACKGROUND

1.	Belatedly, on January 11, 2022, the United States filed the *Government's Expert Witness Designation*, ECF No. 153. The United States designated Brad Bell, "a forensic accountant with the FBI" as an expert to testify about "the flow of money from the State of Wyoming into NWTC's account and then specific payments and transfers to the Defendants." *Id.,* at pp. 9-10.

2.	On January 20, 2022, the defendants sought to exclude the United States' experts and filed *Defendants Gregory J. Bennett's and Matthey "Ty" Barrus' Motion to Strike the Government's Untimely Designated Expert Witnesses*, ECF No. 164; joined by defendant Devin Dutson, *Motion for Joinder*, ECF No. 165; *Order Allowing Joinder*, ECF No. 166.

3.	On February 8, 2022, the Court entered its *Order Granting Defendants' Motion to Strike the Government's Untimely Designated Expert Witnesses, ECF 164* ("*Order Excluding the United States' Experts"*)*,* ECF 192. The Court granted the defendants' motion. *Id.,* p. 1. As a remedy for the United State's untimely designation of expert witness, the *Order Excluding United States' Experts* states, "the court finds the Government's expert designation should be stricken and that the witnesses disclosed are prohibited from providing expert testimony at trial." *Id.,* p. 6.

4.	The United States intends offering into evidence purported summaries at trial, and seeks a pretrial determination by this Court as to their admissibility under Fed. R. Evid. 1006:

> The government has also prepared summaries of each month for each client comparing Medicaid claims by procedure code (as found in Medicaid's claims data) with time reported on notes and sheets for each procedure code (as tallied on the notes and sheets for that month). These summaries will be introduced at trial through the testimony of MFCU Investigative *Auditor* Cody Livingston. The government requests a pretrial determination that these summaries are admissible under FRE 1006.

(ECF No. 188, p. 5) (emphasis added).  In its late expert designation, the United States advises us Ms. Livingston:

> will testify to her qualifications, training, and experience and *any pertinent matters of which she has knowledge and expertise*. Ms. Livingston will describe the Wyoming Medicaid Fraud Control Unit's audit procedures and policies.

(ECF. No. 153, p. 8) (emphasis added).

This past Friday, February 11, 2022, the Government emailed defendants' counsel to advise that their summary trial exhibits now were available for download from USAfx. *See*, Exhibit A.  The United States' email indicates, "[e]ach summary covers Medicaid claims one client for one month, and tallies of progress notes and supervision sheets documenting hours in each procedure code for that same client and month." *Id.*

    5.    An example of the purported summaries provided to the defendants is attached. *See,* Exhibit B and Exhibit C.  Each purported summary is one page and does not include the documentation allegedly used to compile the document.  Moreover, each summary contains categories stating, "Claim Billed," "Claim Paid," "Hours Billed," "Line Paid Amt.," "Hour Billed," "Proc Code," "Hours Recorded," "Difference" and "Comments." *Id.*

## DISCUSSION

    6.    The United States intends to circumvent the *Order Excluding the United States' Experts* in the guise of presenting purported summaries.  However, each summary contains information that could only be provided by an expert forensic analyst.  Only a forensic analyst, applying their knowledge, skill, experience, training and education could reach the various opinions set out in each purported summary. *See*, Fed. R. Evid. 702(a).[1]  Each of the categories

---

[1] "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: the expert's scientific, technical, or other

3

in the summaries require a complete forensic analysis in order to reach the opinion expressed by the category.

7.  The Federal Rules of Evidence permit a proponent to use a summary, chart or calculation to prove the content of voluminous writings. Fed. R. Evid. 1006.[2] In this case, the United States has failed to properly provide the defendants the documents being summarized and, more significantly, incorporated into the summaries expert witness opinions. The United States is, as a practical matter, attempting to do an end run around the *Order Excluding the United States Experts*.

8.  The United States fails to identify exactly what is being summarized as required by Fed. R. Evid. 1006. The United States says nothing beyond they are summaries of "Medicaid claims." *See,* Exhibit A. Typically, when summaries are provided to opposing counsel, the summary is a top sheet attached to a packet of documents that provides a tally of what is in the related documents. A summary provides a quick tally of the information contained in all the related documents collectively. However, the related documents are provided so it can be ascertained by opposing counsel or the court of whether the summary is accurate.

9.  The United States has not provided the defendants with the relevant documents being summarized and apparently expects the defense to divine what documents were considered by the United States in creating the summaries. The summaries do not identify by bates number or otherwise which documents were considered in making the summaries, nor has the United States

---

specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 701(a).

[2] "The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, records, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplications available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court." Fed. R. Evid. 1006.

articulated the list of documents.  *See*, Exhibits A, and *e.g.*, B and C.  The United States failed to comply with Fed. R. Evid. 1006 when it provided the defense these summaries without producing with the disclosure any of the supporting summarized documents.[3]

10.     A summary is only admissible if all of the records from which it is drawn are admissible. *State Office Systems, Inc. v. Olivetti Corp. of America*, 762 F.2d 843, 845 (10th Cir. 1985) (*see also*, *United States v. Samaniego*, 187 F.3d 1222, 1223 (10th Cir. 1999)).[4]  Moreover, where summaries are interpretations of data then the summaries are only admissible if they are admissible under Fed. R. Evid. 702 or 703 as opinion testimony. *Id.,* at 846. Each of the summaries produced by the United States are documents containing opinions that can only be reliably rendered by a forensic expert.  The "Claim Billed" and the two "Hours Billed" categories require a forensic analysis as to the accumulation of data related to hours worked, how the hours were coded for billing, whether the coded information was correctly input into the Medicaid Portal,[5] whether Medicaid accepted, rejected, or modified the coding and ultimately logged that information as being billed.  Only through reliable forensic analysis by an expert can there be a reliable conclusion reached and an opinion rendered that a claim ultimately was billed to Medicaid.

11.     Likewise, "Claim Paid" and "Line Paid Amt" require an exert opinion based on the review of documents and accounts, *e.g.*, from a professional "<u>Auditor</u>."  To determine whether a

---

[3] Despite this criminal investigation having begun years ago, and the *Indictment* (ECF No. 1) returned well-over two years ago, the Government has never produced to these defendants source record documentation of the Wyoming Medicaid "portal" claims submitted and paid.

[4] *Samaniego* notes, "The materials upon which the summary is based need not themselves be admitted into evidence.  *See* 6 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, §1006,02 (Joseph M. McLaughlin, ed., 1999) … Admission of summaries, however, is conditioned on the requirement that the evidence upon which they are based, if not admitted, must be admissible."  *Samaniego,* 187 F.3d at 1223-1224.

[5] The Medicaid Portal is a computer dashboard where the information and data regarding services is in-put for transmission to Medicaid.

claim or line amount was paid to NWTC requires a forensic analysis that links a claim paid to Medicaid, then flows to a payment document or transmission, then tracking that payment to an account of NWTC.  Only then can there be a conclusion made that a particular claim was paid to NWTC.  This is exactly the type of forensic accounting the United States intended its forensic expert to make in its late expert designation, saying they would track the "flow of money from the State of Wyoming into NWTC's account and then specific payments and transfers to the Defendants."

12. The purported summaries further include opinions as they include "Difference" and "Comments" categories.  These categories require someone to analyze and assess variations in other categories, and then opine as to what the differences are, and in further adding comments related to the formulation of the expert opinions.  The analysis and opinions regarding differences and comments, as with all the other mentioned categories, are opinions which could only be rendered by a qualified forensic expert. Moreover, the United States was under an obligation to timely produce such expert opinions and these reports, such that defendants would have had an appropriate amount of time within which to respond, including the hiring of their own expert forensic auditors in order to fairly prepare and present our case. Here, once again, the United States' untimely disclosure has left the defendants with *no* time to review and adequately evaluate this "summary" evidence.

WHEREFORE it is respectfully requested the Court enter an order *in limine* precluding the United States from submitting any of these summaries at trial, and grant such further relief as is appropriate.

Respectfully submitted this 14th day of February 2022.

s/Terry J. Harris
Terry J. Harris, WyBar # 5-2068

>HARRIS, HARRIS & QUINN, P.C.
>P.O. Box 368
>2618 Warren Avenue
>Cheyenne, Wyoming  82003-0368
>*Telephone* (307) 638-6431
>tjharrispc@gmail.com
>
>/s/Jamie M. Woolsey
>Ian Sandefer, WSB # 6-4334
>Jamie M. Woolsey, WSB # 6-3985
>Sandefer & Woolsey, Trial Lawyers, LLC
>143 N. Park Street
>Casper, WY 82601
>*Telephone* (307) 232-1977
>jamie@swtriallawyers.com
>
>/s/Edwin S. Wall
>Edwin S. Wall, WyBar # 5-2728
>Wall Law Office
>43 East 400 South
>Salt Lake City, Utah  84111
>*Telephone* (801) 746-0900
>edwin@edwinwall.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the parties, via CM/ECF, this 14th day of February 2022.

>/s/ Edwin S. Wall
>Edwin S. Wall