

FILED

2:22 pm, 2/14/22

**Margaret Botkins**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

UNITED STATES OF AMERICA,

      Plaintiff,

VS.

                    Case No.  19-CR-00171-ABJ

MATTHEW TY BARRUS,
GREGORY J. BENNETT, and
DEVIN E. DUTSON,

      Defendants.

---

### ORDER ON MOTIONS IN LIMINE 200 & 201

---

THIS MATTER comes before the court on Defendant Devin Dutson's Motion in

Limine *to Preclude the United States from Averring and Presenting Evidence Pursuant to*

*Federal Rules of Evidence 403 & 404, and Federal Rule of Criminal Procedure*

*12(b)(4)(B)*, ECF No. 200; and Defendants' *Motion in Limine Regarding Government's*

*Characterization of NWTC's Total Billed Amount to Wyoming Medicaid*, ECF No. 201.

Having considered the filings, applicable law, and being otherwise fully advised, the

court finds:

Defendant Dutson's *Motion in Limine to Preclude the United States from Averring*

*and Presenting Evidence Pursuant to Federal Rules of Evidence 403 & 404, and Federal*

*Rule of Criminal Procedure 12(b)(4)(B)*—ECF No. 200—should be **GRANTED** in part

**DENIED** in part; and

1

Defendants *Motion in Limine Regarding Government's Characterization of NWTC's Total Billed Amount to Wyoming Medicaid*—ECF No. 201—should be **DENIED**. This court addresses each motion in turn.

## I.   Defendant Dutson's Motion to Preclude Evidence, ECF No. 200

Defendant Dutson asks this court to limit the Government to presenting only those progress notes and related materials involving billing code H0005 which expressly identify the activities of "basketball exercise, and weightlifting." ECF No. 200 at 14. As support for this request Defendant Dutson makes three arguments.

### A.   Limiting Code H0005 Evidence

*First*, Defendant Duston argues this evidence should be limited under Federal Rule of Evidence 403. He notes that the Indictment limits Defendant Dutson's conduct to fraudulent billing for basketball, exercise, and weightlifting. ECF No. 1 at 4. Alternatively, the indictment enumerates various additional activities—like showering, eating, cooking, watching tv, and so on—when referencing Defendants Barrus and Bennett's. ECF No. a at 3–4. So, Defendant Duston argues, it would be unfairly prejudicial to lump him in with his codefendants on evidence of billing for activities other than basketball, exercise, and weightlifting.[1] ECF No. 200 at 8.

---

[1] In the alternative, Defendant Dutson argues this court should limit this "other activity" evidence because the Government violated Federal Rule of Evidence 404 notice requirements, and Federal Rule of Criminal Procedure 12(b)(4). ECF No. 200 at 9. But because this court finds for Defendant Dutson on his primary argument, it will not address his alternative argument.

The Government argues that limiting this evidence under Rule 403 would be improper, because this evidence is relevant to Defendant Dutson's overall participation in the conspiracy. ECF No. 212 at 7–8. In making this argument the Government cites other codes that Defendant Dutson fraudulently signed off on—H2021 and H0047. ECF No. 212 at 7–8.

Fair enough Defendant Dutson may have signed off on these other codes but the court does not find that relevant here where Defendant Duston seeks to limit H0005 evidence. On H0005 billing, the Indictment t reads:

> As a further part of the scheme to defraud Medicaid, Defendant **DUTSON** caused false and fraudulent bills to be submitted to Wyoming Medicaid under procedure code H0005 when, as **DUTSON** well knew, (a) the beneficiaries had not participated in any therapeutically necessary substance abuse treatment as defined by Wyoming Medicaid and procedure code H0005, (b) the billed-for activities were not covered by Wyoming Medicaid, and (c) the billed-for activities included (among other things) *weightlifting, exercising, and playing basketball.*

ECF No. 1 at 4 (emphasis added). On his codefendants, the Indictment reads:

> As part of the scheme to defraud Medicaid, Defendants **BARRUS** and **BENNETT** caused false and fraudulent bills to be submitted to Wyoming Medicaid under procedure codes *H0005*, H0047, H2015, and H2015-HK when, as **BARRUS** and **BENNETT** well knew, (a) the beneficiaries had not participated in any therapeutically-necessary substance abuse treatment as defined by Wyoming Medicaid and the claimed procedure code, (b) the billed-for activities were not covered by Wyoming Medicaid, and (c) the billed-for activities *included (among other things) sleeping, showering, cooking, eating, cleaning, watching TV, playing video games, watching other people play video games, listening to music, napping on the couch, "hanging out" and talking with other clients, playing basketball, playing cards, playing board games, working on puzzles, drawing, making phone calls, working on exercise paperwork and workout programs, "free time," traveling to and from offsite activities, going to the movies, eating at restaurants, playing paintball, shopping, swimming, rafting, hiking,*

> *camping, fishing, canoeing, caving, horseback riding, bowling, ice skating, snowboarding, sledding, stacking hay, doing schoolwork, attending academic classes, attending community events like a wings-and-wheels show, a strongman competition, a demolition derby, and a fireworks display.*

ECF No. 1 at 3–4 (emphasis added).

Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "The core of unfair prejudice is evidence that invites decision on an improper basis," such as "evidence that impugns the defendant's character or provokes an emotional response in the jury." *United States v. Brooks*, 736 F.3d 921, 941 (10th Cir. 2013) (internal quotations and citations omitted).

Because Defendant Dutson's H0005 conduct, as described in the Indictment, was more limited in terms of the activities listed than his codefendants', this court finds that it would be unfairly prejudicial to lump him in for improper billing related to the activities enumerated for Defendants Barrus and Bennett. For that reason, the Government must limit the admission of any evidence of Defendant Dutson on billing code H0005 to that which identifies the activities of "basketball, exercise, and weightlifting." But the court notes that this limitation is narrow in scope and in no way limits evidence of fraudulent billing under the other activity codes.

B.     Limiting Code H2021 Evidence

*Second*, Defendant Dutson argues the Government should be limited from claiming Mr. Duston submitted any H2021 billing to Wyoming Medicaid, unless, in advance, the Government introduces evidence Mr. Duston submitted bills to Wyoming Medicaid. ECF No. 200 at 9–10. The Government disagrees.

On this issue, the Indictment reads,

> As a further part of the scheme to defraud Medicaid, Defendants **BARRUS**, **BENNETT**, and **DUTSON** caused false and fraudulent bills to be submitted to Wyoming Medicaid under procedure code H2021 when, as the Defendants well knew, (a) the beneficiaries had not participated in any therapeutically-necessary mental health treatment as defined by Wyoming Medicaid and procedure code H2021, (b) the treating provider was falsely identified, (c) the claimed services had been provided by individuals who were not licensed or authorized by Wyoming Medicaid to provide H2021 services, (d) the claimed services were provided to a group of beneficiaries even though H2021 defines individual therapy and cannot be used to bill for group activities, and (e) the claimed services were up-coded from procedure codes that paid less than H2021.

ECF No. 1 at 5. The court does not read this, or the charges of conspiring to defraud Medicaid, as requiring evidence that each Defendant personally submitted claims to Wyoming Medicaid. Instead, the Government must show that each Defendant conspired to cause the false and fraudulent bills to be submitted. Because Defendant Dutson allegedly signed progress notes for code H2021, the Government can offer that evidence to make its claim that Defendant Dutson conspired to commit Medicaid fraud. So this court will not limit or otherwise exclude H2021 progress notes signed by Defendant Dutson at this time.

C.    Precluding Evidence Under Federal Rule of Criminal Procedure 12(b)(4)(B)

*Last*, Defendant Dutson argues this court should sanction the Government for failing to comply with Federal Rule of Criminal Procedure 12(b)(4)(B). Under Rule 12(b)(4)(B), a defendant may "request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." This rule "provides a mechanism to [ensure] that the defendant knows of the government's intention to use evidence to which the defendant may want to object." *United States v. Lujan*, 530 F. Supp. 2d 1224, 1244 (D.N.M. 2008). That said, "[t]he purpose of the rule is not to reveal the government's trial strategy, but merely to provide the defendant with sufficient information to file the necessary suppression motions." *Id.* at 1246. But, as Defendant Dutson acknowledges, "[t]here is no authority indicating that when the Untied States ignores a lawful request under Rule 12(b)(4)(B) that suppression of all of the government's evidence is an appropriate sanction." ECF No. 200 at 13. Still, Defendant Dutson argues that suppression is appropriate here. With no authority supporting that proposition, this court declines to impose such a sanction.

Defendant Dutson argues that, in the alternative, the court should limit the evidence the Untied States may introduce to information set forth in the Indictment. ECF No. 200 at 13–14. But, again, Defendant Dutson offers no authority that this is a proper sanction or that it has been imposed in any other court.

Plus, Defendant Dutson has not otherwise argued what suppression motions he would have filed should he have had this information sooner. With no authority supporting his position or any evidence of prejudice, the court declines to limit evidence

based on what Defendant Duston believes to be an inadequate Rule 12(b)(4)(B)

disclosure.

## II.     Defendants' Motion Regarding Characterization of the Total Value Billed, ECF No. 201

Defendants ask this court to exclude any discussion regarding NWTC's total claim

amounts billed to Wyoming Medicaid, "until and unless competent evidence supporting

such a figure is presented." ECF No. 201 at 1. Defendants then spend the remainder of

their briefing arguing that the Government has not apparently committed to a total

valuation. As an example Defendants offer that, in a recent response, the Government

said "[a]s alleged in the indictment, the defendants caused NWTC to submit to Wyoming

Medicaid *approximately* $8.5 million in claims for alleged substance abuse and mental

health treatment provided through the residential substance abuse treatment program. The

claims were fraudulent for a number of reasons, including that *almost all* of the billed-for

activities were not covered by Medicaid and most were not provided by licensed

treatment providers." ECF No. 186 at 11–12. So Defendants ask that this court not allow

the Government to present a total value unless the Government offers "competent and

reliable evidence establishing that total dollar amount at trial." ECF No. 201 at 8.

The Government takes no issue with this request and in fact says that "[t]his is

exactly what the [G]overnment will do." ECF No. 213 at 12. The Government then

offered in its briefing how exactly it plans to make that evidentiary showing. ECF No.

213 at 12–15. So the parties all appear to be on the same page—if the Government, at

trial, claims Defendants conspired to draft and defraud Wyoming Medicaid in the amount

of $8.5 million over 6.5 years, then it must lay foundation for that evidence. ECF No. 201 at 16. For that reason, this court will not limit the Government's ability to lay that foundation and offer that evidence.

Still, it is worth noting that the value of loss is not an element of the charged conspiracy or healthcare fraud. So the Government does not need to submit this issue to the jury or prove a specific dollar amount beyond a reasonable doubt. Should Defendants believe the Government is veering out of the lane of permissible statements regarding the total value, or that the Government otherwise has laid insufficient foundation for such statements, then Defendants may renew this objection at trial.

## CONCLUSION

For these reasons, it is **ORDERED**:

Defendant Dutson's *Motion in Limine to Preclude the United States from Averring and Presenting Evidence Pursuant to Federal Rules of Evidence 403 & 404, and Federal Rule of Criminal Procedure 12(b)(4)(B)*—ECF No. 200—is **GRANTED** in part and **DENIED** in part; and

Defendants' *Motion in Limine Regarding Government's Characterization of NWTC's Total Billed Amount to Wyoming Medicaid*—ECF No. 201—is **DENIED**.

Dated this  14th  day of February, 2022.

Alan B. Johnson
United States District Judge