IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING



**FILED**

4:31 pm, 2/14/22

**Margaret Botkins
Clerk of Court**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>VS.<br><br>MATTHEW TY BARRUS,<br>GREGORY J. BENNETT, and<br>DEVIN E. DUTSON,<br><br>Defendants. | Case No.  19-CR-00171-ABJ |

**ORDER ON MOTIONS IN LIMINE 196, 198, & 199**

THIS MATTER comes before the court on Defendants' *Motion in Limine Regarding Civil Proceedings and Administrative Actions*, ECF No. 196; Defendants' *Motion in Limine Regarding Defendants' Salaries, Bonuses, Personal Finances, Benefits Packages*, ECF No. 198; and Defendants' *Motion in Limine Regarding Other Medicaid Providers*, ECF No. 199. Having considered the filings, applicable law, and being otherwise fully advised, the court finds:

Defendants *Motion in Limine Regarding Civil Proceedings and Administrative Actions*, ECF No. 196, should be **DENIED**;

Defendants' *Motion in Limine Regarding Defendants' Salaries, Bonuses, Personal Finances, Benefits Packages*, ECF No. 198, should be **DENIED**; and

1

Defendants' *Motion in Limine Regarding Other Medicaid Providers*, ECF No. 199, should be **DENIED**.

## I. Defendants' Motion in Limine Regarding Civil Proceedings and Administrative Actions, ECF No. 196

There are two civil cases related to this one: (1) a forfeiture proceeding initiated by the United States against certain properties owned by NWTC; and (2) an administrative case initiated by the State of Wyoming, Quality Insurance and Program Integrity, against NWTC for the collection of certain Medicaid funds. ECF No. 196 at 2. Defendants ask this court to exclude, under Federal Rules 402 and 403, the mention of either, claiming they are both irrelevant. ECF No. 196 at 1. Specifically, Defendants argue the "outcomes associated with the civil and administrative actions are irrelevant to this felony fraud matter." ECF No. 196 at 2.

The Government has noted that it does not currently intend to provide evidence regarding the resolution of the civil forfeiture, or administrative outpayments as part of its case in chief. ECF No. 213 at 7. But it asks that this court grant the Government the opportunity to introduce this evidence if Defendants make the evidence relevant through cross-examination or their presentation of evidence. ECF No. 213 at 7. The court finds this request to be fair. So it will not outright preclude the Government from introducing this resolution evidence at trial should Defendants *first* introduce it. That said, if Defendants do not open the door first, the Government should seek the court's permission at trial before introducing any evidence regarding the resolution of the civil cases. This

2

court will address objections to this evidence in the proper context and should Defendants feel it is necessary, they may raise any necessary objections again at trial.

To the extent the Government seeks to introduce evidence of the civil actions unrelated to their resolutions, this court finds that such evidence may be proper to show Defendants acted knowingly, intentionally, and unlawfully given the timing of the civil investigations and Defendants' cessation of their billing practices thereafter. Evidence in this context does not require that Defendants first open the door. Again, however, should Defendants find that the testimony is being offered for an improper purpose, they may renew their objections at trial. But for now, this court will not categorically ban general evidence that NWTC was investigated and when those investigations occurred.

## II.     Defendants' Motion in Limine Regarding Defendants' Salaries, Bonuses, Personal Finances, Benefits Packages, ECF No. 198

Defendants ask this court to exclude any evidence of Defendants' salaries, bonuses, personal finances and benefits packages, with the limited exception of the salaries/bonuses specifically relevant to Counts 3, 4, and 6 of the Indictment. ECF No. 198 at 1. The Government argues this court should not categorically limit this information, because it is relevant to show motive and particularly relevant to Counts 3, 4, and 6. ECF No. 213 at 7–9.

Defendants first argue this financial information is irrelevant because the governing board made all financial decisions, not Defendants. ECF No. 198 at 2. But that is a question for the jury. And while Defendants are free to make that argument as a part

3

of their defense, it cannot be said that, as a matter of law, Defendants made no financial decisions and had no impact on any financial decisions.

Defendants next argue that their personal financial information is not relevant to the proceeding. ECF No. 198 at 2–3. Although this court generally agrees that this information would not be relevant, and cautions the Government on that basis, the court will not categorically exclude all personal financial information at this time. Should Defendants feel that the Government is about to introduce personal financial information that ought to be excluded, Defendants may object at that time and the court will contextually review the objection and specific piece of personal financial information being offered.

To the extent Defendants argue this personal financial information is irrelevant because the amount of profit is not an element that the Government must prove, the court agrees that an exact dollar amount must not be proved beyond a reasonable doubt. Still, financial gain may speak to other elements that the Government must prove beyond a reasonable doubt. And so Defendants have not convinced this court that the probative value of this financial evidence, categorically, is substantially outweighed by the danger of unfair prejudice. For that reason, this court will not categorically exclude all evidence on Defendants' salaries, bonuses, benefit packages, and personal finances. Should Defendants wish to renew any specific objections at trial, they may do so at that time.

### III. Defendants' Motion in Limine Regarding Other Medicaid Providers, ECF No. 199

4

Defendants next ask this court to exclude, under Rules 402 and 403, "any discussion regarding the units billed or dollars paid to other mental health and/or substance abuse providers by the Wyoming Medicaid program." ECF No. 199 at 1. Defendants take particular issue with graphs and charts comparing the units of service and payment amounts made to NWTC, and those made to other Wyoming substance abuse and mental health providers. ECF No 199 at 2. Defendants essentially argue that this comparison would be misleading because the comparative providers differ in a number of ways from NWTC. ECF No. 199 at 2.

The Government does not plainly dispute that the providers are not identical. Rather, the Government argues that it does not intend to offer this comparator evidence in its case in chief. ECF No. 213 at 10. The Government explains that it anticipates only using this evidence for cross-examination or rebuttal because Dr. Reamer, a defense expert, opined that NWTC followed widely embraced national standards. ECF No. 213 at 10. So, the Government argues, it should have the opportunity to rebut that with evidence that NWTC acted unlike other Wyoming programs.

This court finds that Government should have this opportunity *should Defendants open the door* on this issue. Plus, to the extent the comparison is not a fair one, that goes to the weight and credibility of the comparison. Defendants are welcome to draw attention to *why* it is not a fair comparator at trial. But this court will not categorically exclude all comparator evidence at this time.

Should the Government not have a witness who can properly offer this comparator evidence, Defendants can raise that argument at trial. But this court is satisfied that the

5

Government may use Defendants' witness for that basis. That said, this court cautions the parties that the court will be monitoring the relevance of this information closely. And Defendants and the Government are free to object at trial to the introduction of any comparator evidence for any irrelevant, or otherwise impermissible, purpose. The court will evaluate the specific information and context at that time.

## CONCLUSION

For these reasons, it is **ORDERED**:

Defendants *Motion in Limine Regarding Civil Proceedings and Administrative Actions*—ECF No. 196—is **DENIED**;

Defendants' *Motion in Limine Regarding Defendants' Salaries, Bonuses, Personal Finances, Benefits Packages*—ECF No. 198—is **DENIED**; and

Defendants' *Motion in Limine Regarding Other Medicaid Providers*—ECF No. 199—is **DENIED**.

Dated this 14th day of February, 2022.

Alan B. Johnson
United States District Judge