

FILED

1:02 pm, 2/16/22

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>VS.<br><br>MATTHEW TY BARRUS,<br>GREGORY J. BENNETT, and<br>DEVIN E. DUTSON,<br><br>Defendants. | Case No.  19-CR-00171-ABJ |

## ORDER DENYING MOTION IN LIMINE 242

THIS MATTER comes before the court on Defendants' *Motion in Limine for Pretrial Determination of Evidentiary Foundation for Certain NWTC Patient Records*, ECF No. 242. Having considered the filings, applicable law, and being otherwise fully advised, the court finds Defendants' *Motion in Limine for Pretrial Determination of Evidentiary Foundation for Certain NWTC Patient Records*—ECF No. 242—should be **DENIED.**

Defendants ask this court to find: (1) NWTC adolescent addiction treatment records produced by Wyoming Medicaid qualify as business records under Federal Rule of Evidence 803; (2) pdf copies of those records are admissible duplicates under Rule 1003; and (3) the records are relevant under Rule 401. ECF No. 242 at 2. Defendants identified the records of interest as:

1

    (1) The progress notes;
    (2) Client supervision sheets;
    (3) Behavioral support and supervision sheets; and
    (4) Other NWTC patient records that have been produced by Wyoming Medicaid.

ECF No. 242 at 7. In making this argument Defendants echo verbatim the arguments made by the Government in its motion asking this court to find: (1) certain records qualify as business records under Rule 803; (2) pdf copies of those records are admissible duplicates under Rule 1003; and (3) the records are relevant under Rule 401. ECF No. 188 at 2. Notably, the Government enumerated the records of interest as:

    (1) The progress notes;
    (2) Client supervision sheets; and
    (3) Behavioral support and supervision sheets created by Defendants and other NWTC employees as part of their employment and maintained by NWTC in its course of business.

ECF No. 188 at 2. This court issued an Order granting these findings. ECF No. 243. So the only difference between the two motions is that Defendants ask that these findings extend to "other NWTC patient records" produced by Wyoming Medicaid. As a cursory matter, the court denies as moot Defendants' motion requesting the pretrial admission of the (1) progress notes; (2) client supervision sheets; and (3) behavioral support and supervision sheets. This court has already entered an Order on those materials. ECF No. 243. The rest of this Order will solely address the "other NWTC patient records" requested.

    On Rule 803, Defendants take almost verbatim the language from the Government's motion. For example, the Government said, "[b]ased on interviews with NWTC's former employees and a review of the records, we know that NWTC's former

2

employees (including the defendants) wrote progress notes and two kinds of supervision sheets to document the time they spent with NWTC's substance abuse treatment clients." ECF No. 188 at 8. And Defendants wrote, "[b]ased on Government interviews with NWTC's former employees and a review of the records, we know that NWTC's former employees (including the defendants) wrote progress notes and two kinds of supervision sheets to document the time they spent with NWTC's substance abuse treatment clients." ECF No. 242 at 6.

This matters because Defendants regurgitate the arguments made for documents already admitted and do not otherwise make a Rule 803 showing for the "other NWTC patient records" requested.[1] Defendants show that the progress notes and supervision sheets were made at or near the time by someone with knowledge. ECF No. 242 at 6 ("NWTC's employees completed their notes and sheets the same day or within a few days of the recorded activity."). But again, this is argument for the progress notes and supervision sheets which have already been admitted. ECF No. 242 at 6. Because Defendants have not argued that these "other records" were all made at or near the time

---

[1] Defendants say,

> First, the notes and sheets were written by NWTC employees (including the defendants) at or near the time they provided services to, or supervised activities involving, particular NWTC clients. Second, NWTC used and maintained the notes and sheets as part of its treatment business. Third, writing and filing the notes and sheets was a regular part of NWTC's business. Finally, NWTC employees maintained custody and control of the records throughout the operation of NWTC's residential substance abuse treatment program and then after the program shut down.

ECF No. 242 at 7.

3

by someone with knowledge, or that they were kept in the course of a regularly conducted activity, Defendants have not met their burden under Rule 803. So, again, although this court offers no opinion on whether some or all of these documents would be admissible if Defendants laid the proper foundation at trial, this court will not categorically admit these "other records" now.

For these reasons, it is **ORDERED**:

Defendants' *Motion in Limine for Pretrial Determination of Evidentiary Foundation for Certain NWTC Patient Records*—ECF No. 242—is **DENIED**.

Dated this 16th day of February, 2022.

Alan B. Johnson
United States District Judge