

FILED

1:54 pm, 2/17/22

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| VS. | Case No. 19-CR-00171-ABJ |
| MATTHEW TY BARRUS, GREGORY J. BENNETT, and DEVIN E. DUTSON, | |
| Defendants. | |

**ORDER DENYING MOTION IN LIMINE 221**

THIS MATTER comes before the court on Defendants' *Motion to Exclude Purported Summaries of NWTC Billings*, ECF No. 221. Having considered the filings, applicable law, and being otherwise fully advised, the court finds Defendants' *Motion to Exclude Purported Summaries of NWTC Billings*—ECF No. 221—should be **DENIED**.

Defendants ask that this court exclude the Government's billing summaries under Federal Rule of Evidence 1006. Defendants offer two arguments in support of their request. First, they argue the Government did not comply with Rule 1006's disclosure requirements. Second, Defendants argue admission of these summaries requires expert opinion. And because this court entered an order excluding the Government's designated witnesses from providing expert testimony at trial, Defendants argue the Government has

1

no one to bring these summaries in. ECF No. 192. This court addresses each argument in turn.

I. Disclosures

Defendants first argue the Government failed to identify exactly what was being summarized. ECF No. 221 at 4. So, Defendants argue, because Rule 1006 requires disclosure, the Government should not be permitting to offer the summaries. ECF No. 221 at 5.

Rule 1006 permits the use of summaries of business records provided the summarized records are otherwise admissible. *United States v. Irvin*, 682 F.3d 1254, 1261 (10th Cir. 2012). The proponent of a summary exhibit "must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place." Fed. R. Evid. 1006.

Having reviewed the disclosure and correspondence between Defendants and the Government, this court finds the Government complied with Rule 1006 requirements. The Government provided Defendants with all relevant Medicaid claims data in 2019. Defendants have these treatment records. *See* ECF No. 234. And in the email disclosing these summaries, the Government explained how it tallied the progress notes and supervision sheets. ECF No. 247-1. The Government gave a detailed explanation of its system and then gave an explanation on how Defendants could track the summary data. ECF No. 247-1. So in that way, the Government went beyond the general requirement

that the documents be available for review. For that reason, Defendants' argument fails and this court will not exclude the summaries on that basis.[1]

II. Expert Testimony

Lay witnesses may "offer observations that are common enough and require a limited amount of expertise, if any." *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1214 (10th Cir. 2011) (internal quotation omitted). They may not, however, "express an opinion on matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness. *Id.* Still, a lay witness may testify to elementary mathematical operations. *Id.* For example, taking an average of numbers "is not so complex a task that litigants need to hire experts in order to deem the evidence trustworthy." *Id.* (internal citation and quotation marks omitted).

This court has ordered that the Government's witnesses cannot provide expert testimony at trial. ECF No. 192. But nothing prevents these witnesses from providing lay testimony. And because the Government contends these summaries were made using elementary mathematical operations, this court sees no reasons why a lay witness may not testify to the summaries. Should Defendants believe the testimony is veering beyond basic elementary summation, they may renew this objection at trial.

---

[1] To the extent Defendants argue these summaries are untimely, Defendants have not directed this court to any deadline to disclose summaries under Rule 1006. And this court is unaware of any. Rule 1006 only requires that the evidence upon which the summary is based be made available to the other parties at a "reasonable time and place." Because these summaries were based on timely disclosed treatment records, the court finds no violation here.

3

For these reasons, it is **ORDERED**:

Defendants' *Motion to Exclude Purported Summaries of NWTC Billing*—ECF No. 221—is **DENIED**.

Dated this 17th day of February, 2022.

Alan B. Johnson
United States District Judge