ERIC J. HEIMANN
Wyoming State Bar No. 6-4504
Assistant United States Attorney
District of Wyoming
P.O. Box 668, Cheyenne, WY 82001
(307) 772-2124
eric.heimann@usdoj.gov

TRAVIS J. KIRCHHEFER
Wyoming State Bar No. 6-4279
Special Assistant United States Attorney
Medicaid Fraud Control Unit
Wyoming Attorney General's Office
2424 Pioneer Avenue, Cheyenne, WY 82002
(307) 777-6858
travis.kirchhefer@wyo.gov


# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| **v.** | **Case No. 19-CR-171-J** |
| **MATTHEW TY BARRUS, GREGORY J. BENNETT, and DEVIN E. DUTSON,** | |
| Defendants. | |

## GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO RECONSIDER DENIAL OF PRIOR MOTIONS IN LIMINE – ECF DOC. 260

Defendants Matthew Ty Barrus and Greg Bennett ask this court to reconsider denial of

motions regarding a long list of NWTC patient records. *Mot. to Reconsider*, Doc. 260 (seeking

reconsideration of Doc. 250). Specifically, the defendants renew their request for pretrial findings

as to evidentiary foundations for all NWTC patient treatment records (Doc. 234) and copies of all

NWTC patient records provided by Wyoming Medicaid to the defendants in response to subpoenas

(Doc. 242). This court denied these requests the first time because the defendants failed to show how the various types of records they want admitted *en masse* (including intake forms, evaluations of various types, phone logs, visitation logs, incident reports, requests for home visits, medication logs, discharge summaries, placement orders, multi-disciplinary team reports, and review hearing orders) all meet the requirements of the business-records exception of the hearsay rule articulated in Fed. R. Evid. 803(6). (Doc. 250.)

The United States of America, by and through Assistant United States Attorney Eric Heimann and Special Assistant United States Attorney Travis Kirchhefer, opposes the requested reconsideration because the defendants still cannot show all of the records qualify as non-hearsay business records. Even if they could, they cannot show that all of these records are relevant under Fed. R. Evid. 401 and are not otherwise inadmissible under another rule of evidence. The government does not object to a finding that these records are admissible duplicates under Rule 1003 as we believe that has been established and is undisputed.

This court has already found that NWTC's progress notes, client supervision sheets, and behavioral support and supervision sheets are relevant, non-hearsay business records that may be admitted as pdf-copies at trial. (Doc. 243.) There are thousands of pages of progress notes and supervision sheets, but they are each clearly labeled as such and record a clear set of information about what a particular NWTC client did on a particular day at a particular time—and what Medicaid procedure code (if any) was used to document that time. NWTC used and maintained this voluminous information in its substance abuse treatment business. And these records are relevant because they show the billed-for activities in a case where the government has alleged fraud based on the defendants' billing Medicaid for non-covered services.

Defendants seek to expand these evidentiary findings to nine additional categories of records, including at least five types of evaluations and three types of court documents. While the government agrees that some of the hundreds of pages of records proffered by the defendants may qualify as non-hearsay business records, some don't. We object to the defendants' request because the defendants insist on a blanket pretrial determination for all of the hundreds of pages they've proffer to the court. They cannot support this request.

As examples, in a prior motion, defendants proffered 11 sets of patient records covering a total of 1,690 pages. (Doc. 234 at Attachments 1-11.) These records are a hodgepodge of various documents, covered in often unidentified handwriting. (*See*, *e.g.*, Doc. 234, Attachment 1 at 1-13 (intake records ending in 3-page handwritten document without any title or signature identifying author); *id.*, Attachment 8 at 98 (unattributed handwritten page on NWTC letterhead); *id.*, Attachment 7 at 62 (unattributed handwritten note attached to clinical record).) The proffered records also include numerous evaluations and reports that were created outside NWTC. (*E.g.*, *id.*, Attachment 1 at 19-30 (psychological assessment by Indian Health Service); *id.*, Attachment 8 at 66-68 (psychological evaluation by Gib Condie), 40-49 (Shoshone & Arapaho Tribal Substance Abuse Court reports); *id.*, Attachment 5 at 203-210 (Beartooth Brain Works exams). Defendants say NWTC relied upon these outside reports, which may make them relevant for a non-hearsay purpose, but mere reliance does not satisfy the requirements of Rule 803(6).

Defendants offer an affidavit by defendant Greg Bennett making various claims about how NWTC's business records were maintained, and stating his responsibility for submitting some of these records to Wyoming Medicaid. *Mot. to Reconsider* at Attachment 1. The government

questions the reliability of an eleventh-hour certification by a defendant regarding alleged business records when many of those records appear not to have been created by that defendant.

The defendants also ask for a pretrial determination that all of these patient records are relevant under Rule 401 because they are "necessary to understanding NWTC's treatment program…." *Mot. to Reconsider* at 2. Again, some of these records may be relevant for their contents—and some may be relevant for their existence—but the defendants' cursory statement that all of them are necessary is not enough to support or require a pretrial finding that every record makes a fact of consequence in determining the action more or less probable than it would be without that record. *See* Fed. R. Evid. 401 (test for relevance). "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

The defendants are charged with defrauding Medicaid by billing for non-covered services 12-16 hours a day. What, for example, is the relevance of medication accountability records and prescription information? (*E.g.*, Doc. 234, Attachment 1 at 39-62; *id.*, Attachment 2 at 14-16). Or court documents revoking state-court probation? (*Id.*, Attachment 3 at 168-74.) Or phone and visitation logs? Or, for that matter, what is the relevance of intake forms and evaluations where the government has not alleged diagnoses and assessments were fraudulent? The defendants may have a persuasive explanation for all of these questions, but they don't provide it in their motions. Similarly, defendants reference a number of other evidentiary rules, but offer no additional argument in support of any pretrial findings under those rules. All of this is insufficient to get the findings and order they request.

Finally, the defendants proffer a proposed order that says not only that the records qualify as Rule 803(6) business records but the court will receive them as evidence when offered at trial.

(Doc. 260, Proposed Order.) Even if this court makes all of the findings requested by the defendants, the evidence may still be inadmissible under other rules of evidence, including Rule 403. Therefore, the defendants request to have admissibility decided now should not be granted.

WHEREFORE, for the reasons stated above, the government opposes defendants' motion to reconsider ECF No. 260.

Respectfully submitted this 23rd day of February, 2022.

L. ROBERT MURRAY
United States Attorney


By:     */s/ Eric Heimann*_____
ERIC J. HEIMANN
Assistant United States Attorney


By:     */s/ Travis Kirchhefer*_____
TRAVIS J. KIRCHHEFER
Special Assistant United States Attorney


### **CERTIFICATE OF SERVICE**

This is to certify that on this 23rd day of February, 2022, I served true and correct copies of the foregoing response upon all counsel via CM/ECF.


    */s/  Corine M. Aranda*_____
UNITED STATES ATTORNEY'S OFFICE

5