ERIC J. HEIMANN
Wyoming State Bar No. 6-4504
Assistant United States Attorney
District of Wyoming
P.O. Box 668, Cheyenne, WY 82001
(307) 772-2124
eric.heimann@usdoj.gov

TRAVIS J. KIRCHHEFER
Wyoming State Bar No. 6-4279
Special Assistant United States Attorney
Medicaid Fraud Control Unit
Wyoming Attorney General's Office
2424 Pioneer Avenue, Cheyenne, WY 82002
(307) 777-6858
travis.kirchhefer@wyo.gov

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| **v.** | **Case No. 19-CR-171-J** |
| **DEVIN E. DUTSON,** | |
| Defendant. | |

## GOVERNMENT'S RESPONSE OPPOSING DEFENDANT DUTSON'S MOTION IN LIMINE SEEKING EXCLUSION OF RELEVANT EVIDENCE

Defendant Devin Dutson seeks to exclude relevant evidence from trial based on Rules 401, 403, and 404(b) of the Federal Rules of Evidence. (ECF No. 262.) The United States of America opposes the motion. It should be denied because it seeks to impose unwarranted limitations on the presentation of relevant evidence showing Dutson's role in the charged healthcare fraud and conspiracy.

### THE CHARGED CRIMES

Defendant Dutson and co-defendants Matthew Ty Barrus and Greg Bennett are charged with healthcare fraud conspiracy and healthcare fraud. (ECF No. 1; ECF No. 175 (government's dismissal of money laundering counts against Dutson).) As alleged in the indictment, Dutson and his co-defendants caused NWTC to submit to Wyoming Medicaid $8.5 million in claims for alleged substance abuse and mental health treatment provided through the residential substance abuse treatment program. The indictment describes a conspiracy and scheme to defraud Medicaid by billing all day, every day for activities that Medicaid did not cover, most of which were provided by unlicensed providers.

As relevant to the instant motion, Dutson caused false and fraudulent bills to be submitted to Wyoming Medicaid under procedure code H0005 when the beneficiaries had not participated in any therapeutically necessary substance abuse treatment and the billed-for activities were not covered by Wyoming Medicaid. Dutson did this by routinely writing and signing progress notes using procedure code H0005 for weightlifting, exercising, and playing basketball with NWTC's clients as if these activities were substance abuse treatment. Dutson wrote these progress notes for every NWTC client claiming 90 minutes of "substance abuse treatment" for time spent exercising at the gym every Monday, Wednesday, and Friday beginning in 2009 and continuing through at least November 2015. These notes were then used to bill Wyoming Medicaid. (ECF No. 1 at ¶ 11.)

### DEFENDANT'S MOTION

Defendant Dutson's motion seeks to preclude the government from introducing documentary evidence and testimony related to a 2015 incident that occurred between Dutson and an NWTC client while they were playing basketball. The incident in question can be boiled down

to a misunderstanding that occurred between Dutson and that client because of an aggressive basketball game. NWTC documented this incident in "Critical Incident Report #4," a redacted version of which the government intends to introduce as an exhibit at trial. (ECF No. 262-2.)

Dutson argues that any evidence and testimony related to the incident should be excluded because notice was not provided via the *Government's Rule 404(b) Notice*. (ECF No. 262 at 1–2.) Further, Dutson claims the evidence is irrelevant and therefore prohibited under Federal Rule of Evidence 401, and that it is "unfairly prejudicial" and "of no probative value" in contravention of Federal Rule of Evidence 403. (ECF No. 262 at 2–3.)

***ARGUMENT***

Procedurally, Dutson's motion was filed after the February 15, 2022, deadline for filing motions in limine. (ECF No. 211.) Therefore, the motion should be denied as untimely. Objections may be raised at trial.

Dutson's motion also fails on the merits. Dutson first argues the incident should be excluded because it was not referenced in the *Government's Rule 404(b) Notice*. (ECF No. 190). The government was not required to provide notice because this evidence is not governed by Rule 404(b). The Tenth Circuit has held that "Rule 404(b) does not apply to other act evidence that is intrinsic to the crime charged." *See United States v. O'Brien*, 131 F.3d 1428, 1432. And it is well-established that "other act evidence is intrinsic when the evidence of the other act and the evidence of the crime charged are inextricably intertwined. . ." *See United States v. Lambert*, 995 F.2d 1006, 1007 (10th Cir. 1993) (quoting *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990)).

Here, the incident at issue is inextricably intertwined with the charged fraud and conspiracy because the incident report shows that Dutson was playing basketball—not providing substance

3

abuse treatment. Thus, this incident is not evidence of some other bad act but rather evidence of the charged fraud.

Next, Dutson claims the incident report is irrelevant because "[n]othing regarding the [incident] makes any fact more or less likely, where such facts would be determinative of the case." (ECF No. 262 at 2.) This is incorrect. As discussed above, the incident report makes it more likely that Dutson fraudulently billed Medicaid for non-covered services because he was playing basketball at a time when he told Medicaid (through a progress note) he was providing substance abuse treatment. The incident report direct evidence of the activities Dutson was engaging in while simultaneously billing Medicaid for substance abuse treatment, and proof of the billed-for activities is relevant to the charged crimes.

Dutson's final argument is that information regarding the incident should be excluded under FRE 403 due to unfair prejudice and risk of confusion. (ECF No. 262 at 3.) There is no risk of unfair prejudice here—in fact, the government agrees with Dutson's own assertion that the incident (taken alone) "reflects a misunderstanding between Mr. Dutson and the client, and as a practical matter reflects a stressful interaction . . ." (ECF No. 262 at 2.) Aggressive basketball is not behavior so severe as to unfairly taint the jury's perception. No immoral or criminal activity is reflected in the incident report, the client was not injured, and the incident was resolved quickly. Any prejudice that might arise due to the introduction of evidence surrounding this incident is substantially outweighed by the incident report's probative value when taken alongside Dutson's progress notes. And if Dutson is concerned about unfair prejudice, the appropriate remedy is to ask this Court for a limiting instruction.

Moreover, there is no risk of the jury being "confused as to whether the case is about fraud as to Medicaid, as opposed to whether Mr. Dutson was kind or provided proper care to clients at NWTC." (ECF No. 262 at 3.) The incident and related report represent a tiny fraction of the total amount of evidence likely to be received in this trial. And most importantly, this Court's instructions to the jury will make abundantly clear the issues the jury must decide.

WHEREFORE, for the reasons stated above, defendant Dutson's motion to exclude evidence should be denied in its entirety.

Respectfully submitted this 27th day of February 2022.

L. ROBERT MURRAY
United States Attorney


By:      */s/ Eric Heimann*
ERIC J. HEIMANN
Assistant United States Attorney


By:      */s/ Travis Kirchhefer*
TRAVIS J. KIRCHHEFER
Special Assistant United States Attorney


### CERTIFICATE OF SERVICE

This is to certify that on this 27th day of February 2022, I served true and correct copies of the foregoing response upon all counsel via CM/ECF.


*/s/  Eric J. Heimann*
UNITED STATES ATTORNEY'S OFFICE