

**FILED**

2:06 pm, 2/28/22

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>VS.<br><br>MATTHEW TY BARRUS,<br>GREGORY J. BENNETT, and<br>DEVIN E. DUTSON,<br><br>Defendants. | Case No.  19-CR-00171-ABJ |

**ORDER DENYING DEFENDANT DUTSON'S MOTION IN LIMINE, ECF No. 262**

THIS MATTER comes before the court on Defendant Dutson's *Motion in Limine to Preclude Evidence of the Basketball Incident*, ECF No. 262. Having considered the filings, applicable law, and being otherwise fully advised, the court finds Defendant Dutson's *Motion in Limine to Preclude Evidence of the Basketball Incident*—ECF No. 262—should be **DENIED**.

Defendant Dutson asks this court to preclude the Government from introducing evidence regarding a "basketball incident." ECF No. 262. In support of this request Defendant Dutson cites Rules 401, 403, and 404(b). ECF No. 262 at 1. Before getting to the arguments here, the court will briefly describe the evidence at issue.

1

A critical incident report describes the basketball incident at issue. ECF No. 262-2. According to this report, Defendant Dutson and a client were playing "aggressive basketball" when an altercation ensued. *Id.* The report describes the resolution after that incident, and notes that both Defendant Dutson and the client later reported separately that the incident was blown out of proportion. *Id.*

First, Defendant Dutson argues that evidence of this incident is irrelevant because the incident has no bearing on whether Medicaid was defrauded or whether Defendant Dutson was involved in a conspiracy. ECF No. 262 at 2. The Government argues this report is relevant because it shows Defendant Dutson billed for activities not covered by Medicaid—including playing basketball. ECF No. 265 at 3. This court agrees. This evidence is relevant to show that Defendant Dutson played basketball with his clients. And this court finds that the Government should have the opportunity to connect these activities to improper billing practices.

Second, Defendant Dutson argues that this evidence would be unfairly prejudicial and of no probative value, and would mislead and confuse the jury. ECF NO. 262 at 3. The Government argues that "aggressive basketball" is not behavior "so severe as to unfairly taint the jury's perception." ECF No. 265 at 4. This court agrees. The incident report does not detail behavior extreme enough to warrant exclusion. In fact, the individuals involved resolved the issue and later admitted it was blown out of proportion. For that reason, this court does not find that this evidence should be excluded under Rule 403 because the probative value is not substantially outweighed by the danger of prejudice or confusion.

Third, Defendant Dutson argues this evidence ought to be excluded because the Government failed to give proper notice under Rule 404(b). ECF No .262 at 2. But this court agrees with the Government that this evidence is not governed by Rule 404(b) because Rule 404(b) does not apply to other act evidence that is intrinsic to the crime charged. *United States v. O'Brien*, 131 F.3d 1428, 1432 (10th Cir. 1997). Here the court finds the evidence is intrinsic to the crime charged because the charged fraud alleges that Defendant Dutson billed for activities like playing basketball where that treatment was not therapeutically necessary. For that reason, Rule 404 does not apply.

For these reasons, it is **ORDERED**:

Defendant Dutson's *Motion in Limine to Preclude Evidence of the Basketball Incident*—ECF No. 262—is **DENIED**.

Dated this 28th day of February, 2022.

Alan B. Johnson
United States District Judge

3